UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
DUJUAN MORGAN,                      )
                                    )
        Petitioner,               )
                                    )
    v.                              )    Civil Action No. 13-0816 (KBJ)
                                    )
MR. FUTCH, WARDEN, D.C. JAIL, *et al.*, )
                                    )
        Respondents.              )
                                    )
_____ )

## **MEMORANDUM OPINION & ORDER**

    Pending before the Court is Petitioner DuJuan Morgan's petition for a writ of habeas corpus to compel Respondents—specifically, the United States Parole Commission ("Commission") and Greg Futch, Warden of the D.C. Central Detention Facility ("CDF")—to hold a parole revocation hearing. Petitioner initiated this action on May 29, 2013, after Petitioner had been held at CDF for over 90 days (since February 11, 2013) without a hearing. (Pet., ECF No. 1, at 2.)[1] By letter of July 19, 2013, nearly two months after the petition was filed, Petitioner informed the Court that the Commission did, in fact, hold a parole revocation hearing on July 18, 2013, and that during that hearing Petitioner's parole was revoked. (Pet'r's Ltr. of July 19, 2013 ("Pet'r's Ltr."), ECF No. 12 at 1.)

---

[1] The petition, which is brought pursuant to 28 U.S.C. § 2241, argues that the Commission failed to hold a timely revocation hearing in violation of its own rules such that Petitioner's immediate release is warranted. (Pet., ECF No. 1, at 2, 4.) Notably, the appropriate remedy for a delayed revocation hearing is a writ of mandamus to compel such a hearing, not a writ of habeas corpus to compel the petitioner's release. *Vactor v. U.S. Parole Comm'n*, 815 F. Supp. 2d 81, 84 (D.D.C. 2011).

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969); *see also Spencer v. Kenma*, 523 U.S. 1, 7 (1998) ("[T]hroughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury . . . likely to be redressed by a favorable court decision.'").  In his petition, Petitioner specifically requests that the Court order the Commission to hold a parole revocation hearing.  (Pet. ¶ 33.)  Because the relief that Petitioner seeks apparently has already been provided (*see* Pet'r's Ltr. at 1), this action must be dismissed as moot.  *See Colts v. U.S. Parole Comm'n*, 531 F. Supp. 2d 8, 11 (D.D.C. 2008) ("[B]ecause the USPC already has conducted both [probable cause and revocation] hearings, petitioner is not entitled to . . . relief."); *Thomas v. U.S. Parole Comm'n*, Civ. A. No. 92-590(CRR), 1992 WL 193695, at *3 (D.D.C. Aug. 4, 1992) (case moot where petitioner, who complained of delayed revocation hearing, had since received it).

Accordingly, it is hereby **ORDERED** that this case is dismissed.

Date:  July 29, 2013

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge